J. H. PRINE v. THE STATE.

1. CRIMINAL LAW. *Assault with intent to kill.  Evidence.*

When, on a trial for assault with intent to kill, it is not clear who
was the aggressor, it is error to exclude testimony offered by the
accused to the effect that, on the day of the difficulty, the person
shot wanted to swap knives with the witness, so as to secure one
with a longer blade, informing the witness that he was going to
have a row with the accused that day and asking him to stick to
him, and that there was only one man in the world whom he
wanted to kill, and that was the accused, for these facts, though
not communicated to the accused, tend to show whether or not he
acted in self-defense, as he claimed to have done.

2. SAME. *Right of self-defense.  Use of deadly weapon.  Instructions.*

The right to use a deadly weapon in self-defense is not denied to an
accused person, unless he was the originator of the difficulty, en-
tered it armed, and brought it on, intending, if necessary, to use
his weapon to overcome his adversary, and it is error to grant in-
structions for the state conflicting with this view of the law.

3. INSTRUCTIONS. *Hypothetical instruction.  Omission of material facts.*

An instruction stating an hypothetical case is erroneous that singles
out certain parts of the evidence for prominent presentation and
omits other parts favorable to the accused.

FROM the circuit court of Lawrence county.

HON. W. P. CASSEDY, Judge.

The appellant, J. H. Prine, was indicted and convicted of
assault and battery with intent to kill and murder one G. I.
Chaine.   The difficulty occurred at a country schoolhouse, on
Sunday afternoon, the school exercises appropriate to the day
having just been concluded.   There were a number of witnesses
to the shooting, but their testimony is conflicting as to who
was the aggressor.   The material facts testified to by the
state's witnesses are as follows: There had been bad feeling

between the parties for some time, and, on the day of the difficulty, Chaine approached the group in which Prine was standing, and began to indulge in some puerile remarks to one of those present about a "little black moustache." Prine, who had had the bad taste to dye the slender adornment of his upper lip, took what was said as personally offensive and designed to ridicule him, and, in the heated colloquy that followed, said: "You came here to raise a row with me, and I can take you across my lap and spank you." Chaine slapped himself on the thigh, and responded: "Do it, and then talk about it." Prine advanced and kicked Chaine, "staggering" him back some eight or ten feet, and then drew his pistol, and, as Chaine was recovering from the kick, fired, striking him in the left breast, and then fired again. Chaine had turned around, and had his knife in his hand when the first shot was fired.

The evidence for the defense was that Chaine insulted Prine by innuendo through comments on his appearance, etc., to the bystanders, made in his hearing, and for the purpose of insulting him; that, when Prine kicked him, Chaine staggered back, and drew his knife, opened it, and was advancing on Prine, when the latter, after telling him to stand back, fired twice, the second shot quickly following the first. There was some controversy as to which of the shots took effect. The opinion contains a further statement of the case.

The second, third, and fourth instructions given for the state are as follows:

"2. The court instructs the jury for the state that if they believe, from the evidence in this case, that defendant began the difficulty between himself and Chaine and pressed it until he kicked Chaine away from him, and then, while Chaine was turning around, defendant shot him, intending to kill him, they should find the defendant guilty as charged, notwithstanding they may further believe, from the evidence, that Chaine had turned toward Prine intending to advance on him, and did advance on him, with an open knife.

"3. The court further instructs the jury for the state that if they believe, from the evidence in this case, that Prine was the originator of the difficulty, and provoked and caused Chaine to advance on him with a knife, he had no right to shoot him, although he may have been in danger of suffering great bodily harm from Chaine at the time of the shooting. And if the jury believe, from the evidence, that Prine provoked Chaine to draw his knife and advance on him, and that, while so advancing, Prine shot him, intending to kill him, then he is guilty, and the jury should so find.

"4. The court instructs the jury for the state that if they believe, from the evidence in this case, that defendant, Prine, first approached Chaine by asking him if he came there to raise a row with him, when Chaine had not spoken to him, and said to Chaine that he could slap him over, and, if he wanted to fight he had better get his uncle to do his fighting, and that Chaine slapped himself on the thigh and said, ' Do it and then talk about it,' and that Prine then kicked him and backed off, drawing his pistol, and, when Chaine had recovered from the kick and was turning around to face Prine, Prine shot him, then Prine is guilty as charged, notwithstanding the fact that Chaine was drawing his knife or had it out. ''

Defendant's motion for a new trial was overruled, and he appealed.


*R. N. Miller*, for appellant.

The second and third charges given for the state are fatally erroneous, because they omit the essential qualification that the provocation or beginning of the difficulty was, from the outset, "with intent to kill or do some serious bodily harm.'' The aggressor or provoker of a difficulty is only " outlawed ''—cut off by estoppel from the plea of self-defense—on the single condition that he had the purpose to kill or do serious bodily harm, at the outset, and only provoked the difficulty to decoy his victim into demonstrations which would apparently justify

the contemplated killing.   This is the fundamental idea or reason for denying to the provoker of a difficulty the right of self-defense.   *Helm* v. *State*, 67 Miss., 574; *Cannon* v. *State*, 57 Miss., 147; *Allen* v. *State*, 66 Miss., 385; *Hunt* v. *State*, 72 Miss., 418; *Cotton* v. *State*, 31 Miss., 504; *Thomas* v. *State*, 61 Miss., 60; *Long* v. *State*, 52 Miss., 23.

These two charges are further erroneous, because they single out the fact that, if Prine began or provoked the difficulty, he is guilty, even though he shot in self-defense.   The charges given for defendant, which define the right of self-defense in all its varying forms, could not cure this error.   Charges in conflict on vital rules of law in a case are not curative the one of the other.   2 Thompson on Trials, § 2326.   See George's Digest, "Conflicting Charges," 422.

The same vice is in the fourth charge for the state, and, besides, it undertakes to state a hypothetical case, and leaves out very material facts.

*P. Z. Jones,* on the same side.

The testimony of O. Johnson was admissible, although it was not communicated to Prine, as tending to show who provoked or caused the difficulty.   This kind of testimony is admissible when there is any doubt as to who was the aggressor. But admit that Prine was the aggressor, the third and fourth instructions given for the state are erroneous.   Bishop's Cr. Law, § 850; *Chase* v. *State*, 46 Miss., 683; *Cotton* v. *State*, 31 Miss., 512;. *Thomas* v. *State*, 61 Miss., 60; 4 Bl. Com., 184; 1 Bishop's Cr. Law, § 843; *Long* v. *State*, 52 Miss., 23.

*Wiley N. Nash,* attorney-general, for the state.

The testimony of O. Johnson was correctly excluded.   The facts it disclosed were never communicated to Prine and the difficulty occurred in the presence of many witnesses.   The second, third, and fourth instructions given for the state are correct.   *Long* v. *State*, 52 Miss., 36; *Cannon* v. *State*, 57

Miss., 147; *Allen* v. *State*, 66 Miss., 385.    In the instructions
given for defendant the law is charged in every conceivable
way and covers every phase of his case from any standpoint he
could urge.

WOODS, J., delivered the opinion of the court.

On the trial below, the accused offered to put in evidence
these facts—viz.: That, on the day of the shooting, and prior
thereto, Chaine, the person shot, wanted to swap knives with
one O. Johnson, because Johnson's knife blade was longer than
Chaine's, and that Chaine informed Johnson that he was going
to have a row with Prine, the accused, that day, asking John-
son to stick to him.    It was sought to further show by John-
son's evidence that Chaine said to Johnson that there was only
one man in the world he wanted to kill, and that man was
Harman Prine.    Though none of these facts were communi-
cated to Prine by Johnson, they were clearly admissible.    They
were competent, not as constituting any defense of the crime
charged, but as a circumstance tending to show whether Prine
acted in self-defense in shooting.    It cannot be affirmed confi-
dently that the evidence established beyond doubt that Prine
brought on the difficulty, and, therefore, though the evidence
of many eyewitnesses to the shooting was before the jury, yet,
there being doubt, the uncommunicated declarations of Chaine
to Johnson were admissible as a circumstance tending to show
who was the aggressor.    *Johnson* v. *State*, 54 Miss., 430; *Ken-
drick* v. *State*, 55 Miss., 436.    That the learned court below
thought there was doubt as to who was the aggressor, is shown
by the instructions given which submitted this question to the
jury.

The second and third instructions for the state are fatally
erroneous.    Both omit any reference to what was the state of
Prine's mind; whether he had the murderous purpose formed
at the time he provoked the difficulty, if, indeed, the jury
should believe from the evidence that Prine first approached

Chaine and brought on the difficulty. The jury might believe Prine was the aggressor, and brought on the difficulty, and that he entered it armed with a pistol, yet Prine was not cut off from the right of self-defense unless the jury should further believe from the evidence that Prine so brought on the difficulty, armed with a deadly weapon, and intending to use it when he provoked or brought on the encounter. He must have been the originator of the difficulty; he must have entered it armed, and he must have so brought it on and entered into it intending to use his pistol, and overcome his adversary, if necessary, in the course of the encounter.

The fourth instruction is unfair to the prisoner in that it singles out certain parts of the evidence for prominent presentation to the jury, and omits other parts favorable to the accused. If a hypothetical case is to be submitted to the jury, all the material facts should be fairly stated.

*Reversed and remanded.*