TILLMAN *v.* STATE.

(Division B.   Nov. 7, 1932.)

[144 So. 234.   No. 30105.]

**A. M. Edwards,** of Mendenhall, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

Argued orally by **A. M. Edwards**, for appellant, and by **Herbert Nunnery**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Simpson county of the murder of Horace Jones and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

The evidence for the state was to the effect that appellant had threatened the life of the deceased; that he armed himself with a pistol; that he and the deceased met, and appellant provoked the difficulty in which the deceased was killed; that appellant was the aggressor and shot the deceased in the back three times while the latter was fleeing from him. The evidence for appellant was sharply in conflict with that for the state. There was no real conflict in the evidence that appellant shot the deceased in the back three times with a pistol, resulting in death, but the evidence on behalf of appellant tended to show that the deceased was the aggressor, attempting to draw his pistol when the appellant shot in self-defense. The evidence tended to show that the deceased had a pistol, but there was a conflict as to whether or not it had been fired. It was not produced at the trial.

Appellant assigns and argues as error the action of the court in giving the following instruction for the state: "The court instructs the jury for the state that you do not have to know that the defendant is guilty before you can convict him, but it is only necessary that you should believe from all the evidence and circumstances in the case beyond a reasonable doubt that he is guilty; and if you

do believe from all the evidence and circumstances in this case, beyond a reasonable doubt, that the defendant is guilty, then it is your sworn duty of the jury to so find.''

Appellant's criticism of the instruction is in the following language: ''The indictment in this case charges that appellant did then and there unlawfully, wilfully, feloniously and of his malice aforethought kill and murder Horace Jones. Nothing of this is mentioned in this instruction.'' It was not necessary that the instruction cover every phase of the case. All of the instructions are to be read and considered together—they are to piece each other out—and when this is done, if the governing principles of law are put to the jury, there is no error. This was done in this case. The decisions of our court declaring this principle are numerous, too numerous to cite.

Appellant assigns and argues as error the action of the court in giving the following instruction for the state: ''The court instructs the jury for the state that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Ammons Tillman, armed himself with a deadly weapon, to-wit, a pistol, with the intent and purpose of using the same to overcome, if necessary, his adversary, Horace Jones, and while being thus armed went down on the road where the killing is said to have occurred, and provoked or brought about a difficulty with the deceased in which difficulty defendant used said deadly weapon, or a deadly weapon, and killed deceased, then in that event the defendant cannot be heard to say that he acted in self defense, unless you further believe from the evidence that the defendant acting in good faith attempted to abandon the difficulty finally.''

Appellant's criticism of this instruction is that there was no evidence in the case to show that he armed himself with a pistol with the purpose and intent of using it to overcome the deceased, if necessary. We do not

think the criticism well founded. The evidence for the state showed that appellant had threatened the life of the deceased; that he armed himself with a pistol, and when he met the deceased provoked the difficulty in which he killed him.

We are unable to see any harmful error that was committed in appellant's trial.

Affirmed.