LEWIS *v.* STATE.

(En Banc. April 8, 1940.)

[195 So. 325. No. 34062.]

L. A. Wyatt, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

414

Argued orally by **L. A. Wyatt**, for appellant, and by **W. D. Conn, Jr.**, for the appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the Circuit Court of Hinds County of the murder of his father-in-law, John Ross, and sentenced to death. From that judgment, he prosecutes this appeal.

The ground assigned and argued for reversal was the giving of the following instruction for the State: "The Court instructs the jury for the State that, if you believe from the evidence beyond a reasonable doubt, that the defendant, Eddie Lewis, armed himself with a shotgun and went to the premises of John Ross with the premeditated design unlawfully and feloniously to kill the said John Ross or some member of his family and that he did so kill the said John Ross in furtherance of such design, then it will be the sworn duty of the jury to find the defendant guilty of murder, even though you may believe from the evidence, that the deceased John Ross placed his hands on his hips and the defendant believed that his own life was then in danger."

It is argued that its giving was erroneous for the following reasons: (1) Because it did not require the jury to believe that the appellant provoked the final difficulty; (2) it did not require the jury to find that appellant's intention in arming himself was to provoke a difficulty and overcome opposition; (3) it did not embrace any idea of "abandonment"; (4) it conflicted with the ninth

instruction granted appellant; (5) and, that this is not a case in which a self-defense estoppel instruction was proper.

Early in the afternoon of the day of the homicide, according to the evidence for appellant, he was abused and assaulted by his father-in-law and a brother-in-law. The evidence for the State tended to show in a very substantial way that thereupon appellant stated he was going home and get his gun and kill the whole family. He went home and got his gun, and about six o'clock went to the home occupied by John Ross, and when the latter appeared shot him to death. The evidence for the State was to the effect that at the time of the shooting, the deceased was not the aggressor in the difficulty—had made no demonstration whatever toward appellant, but that immediately before firing the fatal shot, appellant stated ''Oh! G— D— you, I have got you now.'' Appellant testified that immediately before he shot, the deceased threw his hands up to his hips, which he believed was done with the view of pulling a pistol with which to shoot him. In other words, appellant claimed that he shot in self-defense.

In view of the case made by the State, we are of the opinion that the instruction in question was appropriate in its entirety. Instructions varying in language but substantially to the same effect were approved in the cases of Tillman v. State, 164 Miss. 100, 144 So. 234; Durham v. State, 158 Miss. 833, 131 So. 422; Ross v. State, 158 Miss. 827, 131 So. 367; Stubblefield v. State, 142 Miss. 787, 107 So. 663; Hunt v. State, 72 Miss. 413, 16 So. 753; Thomas v. State, 61 Miss. 60; Ex Parte Wray, 30 Miss. 673. If appellant armed himself with a deadly weapon with the purpose of killing the deceased on sight, and in pursuance of such intent, did so (that is what the State's evidence tended to show), then, under the law, it is wholly immaterial which one provoked the difficulty or who was the aggressor immediately before the homicide. In other words, appellant was cut off from the right

of self-defense. In a case of this character, it is wholly unnecessary for such an instruction to make any reference as to who was the aggressor in the difficulty.

There is no merit in the contention that the instruction is faulty because it did not require the jury to find that appellant armed himself for the purpose of provoking the difficulty with the deceased and overcoming any opposition on his part. The instruction told the jury that if appellant armed himself with a shotgun and went to the place where deceased was, with the premeditated design to unlawfully and feloniously kill the deceased or some member of his family, and that he did kill the deceased "in furtherance of such design," then, he was guilty of murder.

The instruction is not subject to the criticism that it failed to submit the question to the jury whether the arming to kill was abandoned before the homicide took place. It is true that the instruction does not use the word "abandoned" but it does use the equivalent in that it tells the jury that if appellant armed himself with a shotgun to unlawfully kill the deceased, and did so, "in furtherance of such design," he was guilty. Furthermore, there is no evidence to support the claim that appellant abandoned the original design before the killing.

The contention that the giving of that instruction was erroneous because it conflicts with an instruction granted appellant, we do not pass on because if there is, it is without harm to appellant because, as we have held, the State's instruction was correct and applicable.

The day for the execution of the appellant is set for Thursday, May 9, 1940.

DISSENTING OPINION.

**Griffith, J.**, delivered a dissenting opinion.

In my judgment, the quoted instruction was erroneous, and the error is heightened when taken in connection with the broad language used by the court in the discussion of it in the main opinion. The correct rule was laid down in

Prine v. State, 73 Miss. 838, 19 So. 711, and Fore v. State, 75 Miss. 727, 23 So. 710, and departures from it, as was done in this case, ought not to be allowed.

McGowen, J., concurs in this dissent.