# IN THE COURT OF APPEALS 12/03/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 93-KA-01465 COA

**JERRY LEE RICE**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. BILLY JOE LANDRUM

COURT FROM WHICH APPEALED: JONES COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DOUGLAS PAUL NANNEY

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT ALLRED III

DISTRICT ATTORNEY: JEANNENE PACIFIC

NATURE OF THE CASE: AGGRAVATED ASSAULT

TRIAL COURT DISPOSITION: FOUND GUILTY OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS


BEFORE FRAISER, C.J., KING, AND PAYNE, JJ.

FRAISER, C.J., FOR THE COURT:

This case is before this Court on the appeal of Jerry Lee Rice. He was convicted of the aggravated assault of Willie Yelverton by a jury in the Circuit Court of Jones County. Rice seeks a reversal of his conviction on the following grounds:

A. THE TRIAL COURT ERRED IN DETERMINING AS A FINDING OF FACT THAT THIS CASE WAS NOT ONE OF SELF-DEFENSE.

B. THE VERDICT EVIDENCED BIAS AND PREJUDICE AGAINST THE DEFENDANT WHEN REASONABLE DOUBT EXISTED AS TO WHETHER THE DEFENDANT WAS JUSTIFIED UNDER THE LAW.

C. THE TRIAL COURT ERRED BY ALLOWING A TRIAL BY AMBUSH BY FAILING TO REQUIRE THE STATE TO COMPLY WITH DISCOVERY PRIOR TO TRIAL.

1. SPECIFICALLY, THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF STEVE BYRD, AN EXPERT EMPLOYED BY THE MISSISSIPPI STATE CRIME LAB, REGARDING BALLISTICS TESTS HE PERFORMED.

2. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE A PISTOL, SHELL CASING, AND AMMUNITION CLIP WHEN DEFENSE COUNSEL WAS NOT GIVEN THE OPPORTUNITY TO INSPECT SAME PRIOR TO TRIAL, DESPITE TIMELY FILING BY DEFENDANT OF HIS RULE 4.06 MOTION FOR DISCOVERY.

D. THE TRIAL COURT ERRED IN REFUSING TO SUBMIT 14 OF DEFENDANT'S 16 PROPOSED JURY INSTRUCTIONS TO THE JURY.

E. THE TRIAL COURT ERRED IN SUBMITTING INSTRUCTIONS TO THE JURY WHICH HAD BEEN DRAFTED BY THE STATE, WHICH HAD NOT BEEN GIVEN TO OR SHOWN TO DEFENSE COUNSEL UNTIL THE SECOND DAY OF TRIAL, IN VIOLATION OF THE RULES GOVERNING DISCOVERY.

F. THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE CREDIBLE, ADMISSIBLE EVIDENCE, AND WAS NOT SUPPORTED BY THE ADMISSIBLE EVIDENCE.

G. THE VERDICT WAS CONTRARY TO THE LAW AND THE EVIDENCE, WAS NOT SUPPORTED BY THE EVIDENCE, AND WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

H. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY REGARDING THE ALLEGED SHOOTING OF A WEAPON BY THE DEFENDANT AND THE SHOOTING OF THE DEFENDANT BY THE MANAGER OF FRED'S DOLLAR STORE OF LAUREL, WHEN THE INDICTMENT FOR WHICH THE DEFENDANT WAS CHARGED ENCOMPASSED ONLY THE POINTING OF A PISTOL BY THE DEFENDANT.

I. THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT FOR THE DEFENDANT AT THE CLOSE OF THE STATE'S CASE IN CHIEF.

J. THE TRIAL COURT ERRED IN NOT GRANTING A DIRECTED VERDICT FOR THE DEFENDANT AT THE CONCLUSION OF THE TRIAL.

K. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S PRETRIAL MOTIONS IN LIMINE AND MOTION TO FORCE THE DISTRICT ATTORNEY TO CHOOSE WHICH INDICTMENT SHE WOULD PROCEED UNDER.

L. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS INDICTMENTS, THEREBY FORCING THE DEFENDANT TO STAND TRIAL A SECOND TIME ON A SECOND CHARGE OF AGGRAVATED ASSAULT, THEREBY PLACING SAID DEFENDANT IN DOUBLE JEOPARDY BY REQUIRING HIM TO STAND TRIAL TWICE FOR THE SAME OR SIMILAR ACTIONS WHICH TOOK PLACE, ALMOST SIMULTANEOUSLY AND WERE COMPRISED OF THE SAME NUCLEUS OF OPERATIVE FACTS.

M. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO QUESTION DEFENSE WITNESSES IN A DISPARAGING MANNER REGARDING THEIR PRESENCE IN THE COURTROOM THE PREVIOUS DAY WHEN THEIR PRESENCE IN THE COURTROOM THE PREVIOUS DAY WAS CAUSED BY THE STATE'S FAILURE TO INVOKE THE RULE REGARDING SEQUESTRATION OF WITNESSES.

N. THE TRIAL COURT ERRED IN ALLOWING THE STATE TOO MUCH LATITUDE ON DIRECT EXAMINATION OF ITS WITNESSES, RESULTING IN PREJUDICIAL, IRRELEVANT, HEARSAY, AND OTHERWISE INADMISSIBLE EVIDENCE BEING INTRODUCED IN THE TRIAL AGAINST THE DEFENDANT.

Because Rice fails to cite any authority and make meaningful argument in support of assertions of error E-K or M-N, we will not address them. The Mississippi Supreme court has repeatedly held that where an appellant fails to cite authority in support of an argument the appellate court need not address the issue. *Sherrell v. State*, 622 So. 2d 1233, 1237 (Miss. 1993); *Govan v. State*, 591 So. 2d 428, 431(Miss. 1991). Additionally, Rice cites no authority in support of assertion of error L; however, we will briefly address this issue. We conclude that the issues raised on appeal are without merit; therefore, the conviction is affirmed.

I.

FACTS

On June 18, 1993, Connie Parrish, manager of Fred's Dollar Store, was in the store's security booth watching for shoplifters. She observed Rice holding a can of spray paint and a bottle of cologne. Soon after, she observed him place the bottle of cologne into his pants. Parrish went to the front door of the store, which she locked, and waited while Rice paid for the can of paint. Parrish asked Rice if he intended to pay for the cologne. In response, he reached in his pocket and attempted to draw a pistol. Parrish pushed the pistol back into Rice's pocket. Aware the police had been summoned, Parrish engaged Rice in conversation in an attempt to occupy his attention until they could arrive. Parrish asked Rice where the cologne was, and he told her he had left it in the back of the store.

Parrish asked Rice to show her where he had left the cologne, and Rice led her the rear of the store. Again Rice attempted to draw the pistol and again Parrish pushed it back into his pocket. Then Parrish called for an unidentified employee to get her gun, which was in her purse in her office.

At the back of the store, Parrish asked Rice where the cologne was. Yet again, Rice attempted to pull his pistol. Parrish grabbed Rice's right arm and pinned it behind his back and a scuffle ensued. Parrish pinned Rice against a clothing rack. When she was handed a pistol, Parrish released one of Rice's hands to take it. Rice pulled away from her and drew his pistol. Parrish backed off and advised Rice that she would "blow his brains out."

Rice ran toward the front of the store, and Parrish followed him. Rice aimed his pistol at Kristy

Wells, a pregnant cashier, and cocked it. Parrish told Rice if he shot Wells she would shoot him. Rice pointed his pistol back and forth between Wells and Parrish, then ran for the door that Willie Yelverton had blocked with shopping carts.

When Rice reached the door blocked by shopping carts, he pointed the gun at Yelverton and told her he wanted out. Parrish, who was just behind Rice, directed the employees to allow Rice to leave. The shopping carts were removed, and Rice exited the store.

Parrish testified that once outside, Rice faced the door and pointed his gun at her. Thinking Rice intended to shoot her, she aimed her pistol at him and they fired simultaneously. Rice claimed that he never fired at Parrish. Rice aimed his pistol at Parrish a second time, and she fired again. Unbeknownst to Parrish, she had wounded Rice twice. Rice turned and ran. The police found Rice's pistol, a shell casing, and an ammunition clip outside Fred's.

The only crime charged in the trial below was the assault on Yelverton. At trial, Rice repeatedly argued that his assault on Yelverton was justified on grounds of self-defense. The trial judge ruled as a matter of law that Rice could not act in self-defense against Yelverton because Parrish had pointed a pistol at him. Further, Rice never argued that Yelverton herself posed any threat to him.

At trial, Rice objected to the admission of the testimony of Steve Byrd, of the Mississippi Crime Lab, that the shell casing found outside Fred's was fired from Rice's pistol because he claimed he did not receive the ballistics report prior to trial. Further, Rice objected to the admission of the pistol, clip, and shell casing because his attorney was not given an adequate opportunity to view and test the evidence.

II.

DISCUSSION

### A. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT THIS CASE WAS NOT ONE OF SELF-DEFENSE

Rice argues that the trial court erred by holding that this case was not a case of self-defense and granting the State's arming instruction, which cut off his right to self-defense. For one hundred years, the Mississippi Supreme Court has held that a trial court's denial of a criminal defendant's right to present his defense of self-defense to the finder of fact is fundamentally unfair and constitutes reversible error. *Keys v. State*, 635 So. 2d 845, 951, 953 (Miss. 1994); *see also Prine v. State*, 73 Miss. 838, 19 So. 711, 712 (1896). While we are strongly committed to preserving a defendant's right to assert self-defense, Rice has no colorable argument that he acted in self-defense in this case. There is no evidence in the record and Rice does not argue that Yelverton threatened him. Under the facts, Rice had no claim of self-defense for the jury to consider. Rice maintained he was entitled to claim self-defense because Parrish threatened him. While Parrish's action of aiming a gun at him may

have justified a claim of self-defense to a charge of assaulting Parrish, it could not justify his assault on Yelverton.

Self-defense is well established in our law as a defense to a prosecution for aggravated assault. *Anderson v. State*, 571 So. 2d 961, 963 (Miss. 1990). In order to justify an assault "on grounds of self-defense, danger to the defendant must be either actual, present and urgent, or defendant must have reasonable grounds to apprehend design *on the part of the victim* to kill, or to do him some great bodily harm, and, in addition, there must be imminent danger of such design being accomplished." *Id.* (emphasis added). In this case, Yelverton herself posed no danger imminent or otherwise to Rice. Rice cites no authority, and we are aware of none that would allow him to act in self-defense against a person who constitutes no threat to him even though another person may constitute a threat. The trial judge correctly held that there was no evidence to support Rice's argument that he acted in self-defense while pointing a deadly weapon at Yelverton. Because Rice presented no proof to support his self-defense argument, the trial court properly granted an arming instruction. This is one of the few, exceptional, and rare cases in which the arming instruction is appropriate. *See Hart v. State*, 637 So. 2d 1329, 1338 (Miss. 1994).

### B. WHETHER THE VERDICT EVIDENCED BIAS AND PREJUDICE AGAINST THE DEFENDANT WHEN REASONABLE DOUBT EXISTED AS TO WHETHER THE DEFENDANT WAS JUSTIFIED UNDER THE LAW

Rice asserts that the verdict evidenced bias and prejudice against him when reasonable doubt existed as to whether his assault on Yelverton was justified under the law. Again, Rice suffers from the misconception that Parrish's actions of pointing a gun at Rice could justify his assault on Yelverton. As we stated above, Parrish's actions could not justify Rice's assault on Yelverton as a matter of law. There was no issue of self-defense for the jury to resolve; hence, there is no error in the jury's verdict on this ground.

### C. WHETHER THE TRIAL COURT ERRED BY ALLOWING A TRIAL BY AMBUSH BY FAILING TO REQUIRE THE STATE TO COMPLY WITH DISCOVERY PRIOR TO TRIAL

#### 1. SPECIFICALLY, WHETHER THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF STEVE BYRD, AN EXPERT EMPLOYED BY THE MISSISSIPPI STATE CRIME LAB, REGARDING BALLISTICS TESTS HE PERFORMED

Rice complains that the trial court erred in allowing Byrd to testify when he did not appear on the State's witness list and a copy of the ballistics report was not submitted to his counsel prior to trial. The thrust of Rice's argument is that his theory of the case was that he never fired a shot at Parrish. He claims that his attorney did not know Byrd was a witness or that he was to testify that the shell

casing found outside Fred's came from his gun because he did not see the ballistics report. Rice argues that because his attorney did not know about Byrd and his testimony, his attorney stated in opening argument that the State could not prove that he fired a shot at Parrish. Like much of Rice's brief, this is a factually inaccurate. The record reflects that Rice's counsel received a copy of the ballistics report at least on the morning of trial if not prior and knew that Byrd would testify that the shell casing came from Rice's gun before opening arguments. Thus, any error made by Rice's counsel in opening arguments was not the result of a discovery violation. Further, this argument is irrelevant to whether Rice assaulted Yelverton. Assuming Rice's argument is relevant to the assault charged, he waived the issue by failing to request a continuance.

Discovery violations of this type are controlled by the Uniform Criminal Rules of Circuit Court Practice, which provide a mandatory procedure for handling discovery violations. *See* Unif. Crim. R. Cir. Ct. Prac. 4.06(i) (carried forward to URCCC 9.04(I)). In interpreting this rule, the Mississippi Supreme Court has stated that where the prosecution, during the course of the trial, attempts to introduce evidence that has not been timely disclosed:

> 1. Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.

> 2. If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he *must* request a continuance. *Failure to do so constitutes a waiver of the issue.*

> 3. If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.

*Frierson v. State*, 606 So. 2d 604, 607 (Miss.1992) (citations omitted) (emphasis added). The purpose of these guidelines is to avoid ambush or unfair surprise to either party at trial. *Id.* (citing *Robinson v. State*, 508 So. 2d 1067, 1070 (Miss. 1987)); *Holland v. State*, 587 So. 2d 848, 866-67 (Miss. 1991). Rice objected to Byrd's testimony in his motion in limine and prior to his taking the stand. The trial judge offered to allow Rice's counsel to speak to Byrd as long as he liked. Rice's counsel replied that he would prefer to go forward with the trial without speaking to Byrd or asking for a continuance. These actions constituted a waiver of Rice's objection to Byrd's testimony that the shell casing came from Rice's gun.

> 2. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE A PISTOL, SHELL CASING, AND AMMUNITION CLIP WHEN DEFENSE COUNSEL WAS NOT GIVEN THE OPPORTUNITY TO INSPECT SAME PRIOR TO TRIAL, DESPITE TIMELY FILING BY DEFENDANT OF HIS RULE 4.06 MOTION FOR DISCOVERY

This assertion of error fails for the same reason as the previous assertion of error. Rice's counsel had the opportunity to examine the pistol, shell casing, and ammunition clip prior to trial but chose not to examine them. Further, Rice's counsel failed to ask for a continuance to observe and test the pistol, shell casing, and ammunition clip. Failure to ask for a continuance waived the assertion of error. *Frierson*, 606 So. 2d at 607.

## D. WHETHER THE TRIAL COURT ERRED IN REFUSING TO SUBMIT 14 OF DEFENDANT'S 16 PROPOSED JURY INSTRUCTIONS TO THE JURY

Despite Rice's broadly framed appellate issue, he only argues that the trial court erred in refusing four of his five self-defense instructions because they accurately reflect the law and are firmly grounded in uncontroverted facts. Rice maintains the trial court erred in denying the following instructions:

> JURY INSTRUCTION D-9 The Court instructs the Jury that if you believe from the evidence in this case that the Defendant, Jerry Lee Rice, was assailed by Constance Parish at the time of the incident herein, and that Constance Parish's conduct indicated that she had the intention and ability to immediately do Jerry Lee Rice some great bodily harm, and that Jerry Lee Rice had good reason to believe and that he did in fact believe that he was in imminent danger, or would suffer great bodily harm, then the Defendant, Jerry Lee Rice, was justified, under the law in protecting his own life and limb, even to the extent of taking of the life of Constance Parish.

JURY INSTRUCTION D-10

> The Court instructs the Jury that if you find that the Defendant was faced with danger so apparent and imminent that a reasonable and prudent man in the Defendant's situation would believe it necessary to point or otherwise use his pistol in order to protect himself and to avoid being killed or suffering great bodily injury, then as a matter of law, Jerry Lee Rice had the right to point or otherwise use his pistol, and it is your sworn duty under your oaths as jurors to enter a verdict of Not Guilty.

JURY INSTRUCTION D-12

> If you believe from the evidence presented in this case that on June 18, 1993, Fred's manager Constance Parish:

1. was the aggressor; and

2. there was real, imminent, and reasonably apparent danger which Defendant Jerry Lee Rice believed himself to be in; and

3. the danger and belief of danger consisted of Jerry Lee Rice being in fear of suffering great bodily harm; and

4. that Constance Parish had the ability to cause this great bodily harm to Defendant Jerry Lee Rice; and

5. that this ability was reasonably apparent and known to the Defendant, Jerry Lee Rice,

Then it is your sworn duty to find the Defendant, Jerry Lee Rice, "Not Guilty."

JURY INSTRUCTION D-16

> The Court instructs the Jury that when a person is assailed by another person, and that other person's conduct indicates the intention and the ability to immediately do great bodily harm to the assailed person, and if the person assailed had good reason to believe and did in fact believe himself to be in imminent danger of being killed or of suffering great bodily harm, then the person assailed is justified under the law in protecting his own life or limb, even to the extent of taking the life of the assailant.

The trial court denied instructions D-9, D-10, and D-12 on the grounds that they did not accurately reflect the law applicable to this case. This ruling was correct. The fact that Parrish had pointed a pistol at Rice did not justify his assaulting Yelverton. All three of these instructions rely on defense counsel's misconception that Parrish's actions justified Rice's assault on Yelverton. The court properly denied instructions D-9, D-10, and D-12. Further, Rice's counsel withdrew instruction D-16. Instruction D-16 was not presented to the trial court for review and may not be raised for the first time on appeal. *Dixie Ins. Co. v. Mooneyhan*, No. 91-CA-01124 SCT, 1996 WL 97535, at *4 (Miss. March 7, 1996); s*ee also Century 21 Deep South Properties, Ltd. v. Corson*, 612 So. 2d 359, 371 (Miss. 1992).

> L. WHETHER THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS INDICTMENTS, THEREBY FORCING THE DEFENDANT TO STAND TRIAL A SECOND TIME ON A SECOND CHARGE OF AGGRAVATED ASSAULT, THEREBY PLACING SAID DEFENDANT IN DOUBLE JEOPARDY BY REQUIRING HIM TO STAND TRIAL TWICE FOR THE SAME OR SIMILAR ACTIONS WHICH TOOK PLACE, ALMOST SIMULTANEOUSLY AND WERE COMPRISED OF THE SAME NUCLEUS OF OPERATIVE FACTS

Although Rice fails to cite authority in support of this assertion of error, we discern from the State's brief and the record that Rice's double jeopardy claim was not ripe at the trial below. A claim of double jeopardy is not ripe until the defendant has been placed on trial for the second offense. *United States v. McKinley*, 38 F.3d 428, 429 (9th Cir. 1994); *United States* v. *Amiel*, 995 F.2d 367, 370 (2nd Cir. 1993); *United States v. Koonce*, 885 F.2d 720, 722 (10th Cir. 1989). The

record reflects that Rice has been tried and convicted of only one offence. His claim of a double jeopardy violation is premature.

For the above reasons, we affirm the verdict of the trial court.

**THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO JONES COUNTY.**

**BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**