606 So.2d 604 (1992)
Andrew J. FRIERSON
v.
STATE of Mississippi.
No. 07-KA-59474.
Supreme Court of Mississippi.
September 10, 1992.
*605 David G. Hill, Craig Hill White & Minyard, Oxford, John Paul Barber, Arlington, Va., for appellant.
Michael C. Moore, Atty. Gen., Jackson, Jack B. Lacy, Jr., Asst. Dist. Atty., Brandon, for appellee.
Before DAN M. LEE, P.J., and PRATHER and McRAE, JJ.
McRAE, Justice, for the Court:
Andrew J. Frierson was found guilty on three (3) counts of possession of a controlled substance by a jury of the Lafayette County Circuit Court on April 8, 1987. He was sentenced to serve a total of twenty-four (24) years in the custody of the Mississippi Department of Corrections, with five (5) years suspended. Frierson appeals his conviction, asserting that the Circuit Court should have recused itself; that the Circuit Court erred in admitting into evidence a handwritten note found in his apartment; and that he was denied effective assistance of counsel. Finding that the Circuit Court erred in not recusing itself and in admitting without proper authentication evidence which was highly prejudicial and tainted by a discovery violation, we reverse and remand for a new trial.

*606 I.
Frierson, a twelve-year veteran of the United States Postal Service, welcomed 1986 with a New Year's party at his Oxford residence. On January 2, 1986, before he had a chance to clean up the debris from the festivities, he was served with a search warrant. Agents of the Mississippi Bureau of Narcotics searched his apartment and found evidence of controlled substances as well as drug paraphernalia in nearly every room.
Frierson was initially indicted on August 7, 1986, in Cause No. 12,161 for possession of marijuana and in Cause No. 12,160 for possession of meprobamate in connection with the January 2, 1986 search. He entered a plea of not guilty on October 20, 1986.
On December 19, 1986, the Lafayette County Grand Jury returned a three count indictment against Frierson charging that on January 2, 1986, he possessed 333.5 grams of marijuana with intent to distribute in violation of Miss. Code Ann. § 41-29-139(a)(1), (b)(2); that he possessed cocaine in violation of Miss. Code Ann. § 41-29-139(c)(1); and that possessed 17 tablets of meprobamate in violation of Miss. Code Ann. § 41-29-139(c)(1). Finding that the December 19, 1986, indictment, No. 12,246, superseded the August indictments, the Circuit Court issued an order on February 10, 1988, consolidating the actions.
Circuit Judge Kenneth Coleman, who heard Frierson's case, was the District Attorney at the time of his original indictment, serving in that capacity until September, 1986. He refused to grant Frierson's May 8, 1987 Motion for Trial Judge to Recuse Himself from Further Proceedings.

II.
Although Frierson's first objection to Judge Coleman came only in his post trial motion for recusal, we find that the judge should have recused himself on his own motion. Canon 3 C of the Code of Judicial Conduct requires that a judge should disqualify himself "in a proceeding in which his impartiality reasonably might be questioned." As we stated in Jenkins v. State, 570 So.2d 1191, 1192 (Miss. 1990), we have adopted an objective test to determine when a judge should recuse himself. That is, "[a] judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss. 1986).
In Jenkins, the trial judge had been the prosecuting attorney at the time of the appellant's indictment. As in the case sub judice, he had not seen the appellant before the trial nor had he been involved in any of the preliminary hearings or grand jury proceedings. Id. at 1191. We analogized the situation in that case to that where a juror who has served on the grand jury serves subsequently on the petit jury for the same defendant, citing Hood v. State, 523 So.2d 302, 311 (Miss. 1988) for the proposition that "[w]e do not think it right and now condemn any practice whereby the accuser may also be the trier of fact." Finding that a reasonable person would have questioned the impartiality of the judge, we stated in Jenkins that "[t]he very functions involved in the performance of the two positions are contradictory and no person can be considered to be impartial while that person is also acting as a partisan." Id. at 1192. Accordingly, we find that Judge Coleman, having served as District Attorney at the time Frierson was initially indicted, should have recused himself on his own motion.

III.
Among the debris from Frierson's party, the Bureau of Narcotics found a handwritten note, which read as follows:
Mr. Andrew Jackson Frierson, I am sending Keith by to pick up that package we talked about. I can't move. Slip a joint in there if you can, and then (smile). The Bear, see you all next weekend, I guess. Thank you.
The note was not included in the inventory of items seized from Frierson's apartment. Moreover, the State failed to establish who wrote the note and when it was written. Nevertheless, the Circuit Court allowed the note to be admitted into evidence.
*607 Clearly, the introduction of evidence without adequate authentication and identification is in contravention to Miss.R.Evid. 401 and 901 As the comment to Miss. R.Evid. 901 states:
The authentication and identification aspects of evidence are central to the concept of relevancy. Unless it be satisfactorily shown that an item of evidence is "genuine," the item is irrelevant and should be excluded.
Miss.R.Evid. 901 comment (a).
We further find support for Frierson's contention that admission into evidence of the note was more prejudicial than probative. Specifically, we find that Lieutenant Randy Corbin's interpretation of the term "package" as used in the note was a reference to cocaine is questionable and left the jury with the impression that Frierson was a drug dealer. This testimony was improper and should have been stricken from the record. Corbin was not qualified as an expert witness and his testimony amounted to an inadmissible opinion by a lay witness.
Frierson further argues that because the state never informed him that it had seized any documentary evidence, its use at trial is in violation of Miss.U.Crim.R. 4.06 and amounted to "trial by ambush." In Robinson v. State, 508 So.2d 1067 (Miss. 1987), we addressed Rule 4.06 and explained as follows:
The essential purpose of Rule 4.06 is the elimination of trial by ambush and surprise. Disclosure is the hallmark of fairness and the quest for justice that should be the goal of the criminal justice system.
Robinson, 508 So.2d at 1070.
Faced with a discovery violation, we review the procedures set forth in Box v. State, 437 So.2d 19 (Miss. 1983). In Kelly v. State, 553 So.2d 517 (Miss. 1989), we enumerated the Box guidelines as follows:
1. Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2. If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3. If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
Kelly, 553 So.2d at 520 (quoting Cole v. State, 525 So.2d 365 (Miss. 1987). See also West v. State, 553 So.2d 8, 18 (Miss. 1989).
Counsel for the defense did not expressly raise a timely objection at trial. However, he approached the bench and sought a ruling from the court on the admissibility of the note on grounds of relevancy. The Circuit Court allowed only a five minute recess, giving counsel neither a reasonable opportunity to review the undisclosed evidence nor to make a determination of whether a motion for a continuance or a mistrial was in order. We find that the Circuit Court erred in not allowing a reasonable time for counsel to become familiar with the evidence and seek a continuance if he thought it appropriate as required by Box.

IV.
Finally, Frierson asserts that he was denied effective assistance of counsel at trial in violation of the sixth amendment to the United States Constitution. While some of his specific allegations are unsupported by the record or are otherwise unassailable, others served merely to exacerbate the prejudice caused by the judicial errors discussed herein.
When determining whether a defendant was denied effective assistance of counsel so as to violate his constitutional rights, we apply the standard articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our inquiry thus focuses on two questions, "(1) whether counsel's performance was deficient, *608 and if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987). See also Wilson v. State, 577 So.2d 394, 396 (Miss. 1991); Handley v. State, 574 So.2d 671, 683 (Miss. 1990); Yarbrough v. State, 529 So.2d 659, 661-663 (Miss. 1988). As we further explained in Waldrop v. State, 506 So.2d 273 (Miss. 1987), "[t]hough there is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance, this Court must determine, based on the totality of the circumstances, whether counsel's efforts were both deficient and prejudicial, thus necessitating a reversal." (emphasis added) Id. at 275. See also Yarbrough, 529 So.2d at 662.
Frierson's attorney failed to move for recusal of the trial judge at any time prior to trial. He declined an opportunity to inspect the physical evidence on the day of the trial. He failed to make a formal objection to the admission of the handwritten note or to request a continuance after it was admitted. He did not submit any jury instructions or request a jury polling despite Frierson's unsubstantiated allegations that one juror had found him not guilty. Although not required to do so, he made no attempts to mitigate the sentence. Moreover, he was not licensed to practice law in Mississippi and, therefore, appeared to be unfamiliar with the local trial rules.
In applying the second prong of the Strickland test to ascertain whether these perceived deficiencies served to prejudice the appellant, we held in Johnson v. State, 511 So.2d 1333 (Miss. 1987) that:
any court seeking to determine whether the constitutional guarantee has been met, must look at the entire performance of the attorney and determine if the defense attorney was competent and whether he sincerely tried to assist his client ... Unless the mistake or conduct was of such magnitude that the court concludes the lawyer was incompetent or evidenced a failure to conscientiously fulfill his adversarial role, we will conclude the constitutional guarantee for performance of counsel as enunciated in Strickland has been met.
Id. at 1340.
Looking at the totality of the circumstances, we cannot say that the omissions made by Frierson's attorney rise to the level of incompetency or failure to make a conscientious effort to assist his client. His omissions were not, in and of themselves, prejudicial to Frierson. At best, they served only to compound the errors made.
Finding, however, that the Circuit Court erred in not recusing itself on its own motion and in admitting without proper authentication evidence that was both highly prejudicial and tainted by discovery violation, we reverse and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ., concur.
PITTMAN, J., concurs in results only.
BANKS, J., concurs in results only with separate written opinion.
HAWKINS, P.J., not participating.
BANKS, Justice, concurring:
I concur in the result reached by the majority because that result is dictated by Jenkins v. State, 570 So.2d 1191 (Miss. 1990). Because, I disagree with some of the conclusions expressed in the balance of the majority opinion and because, in my view, the discussion of those issues is unnecessary to the disposition of the case, I write separately to note that concurrence.