635 So.2d 851 (1994)
James Gregory BANANA
v.
STATE of Mississippi.
No. 91-KP-00237.
Supreme Court of Mississippi.
March 31, 1994.
James Gregory Banana, pro se.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
On October 12, 1989, James Gregory Banana appeared before the Honorable John M. Montgomery in the Circuit Court of Clay County and entered a plea of guilty to two crimes of forgery. Banana was sentenced to *852 serve two (2) concurrent terms of fifteen (15) years each in custody of the Mississippi Department of Corrections. Feeling aggrieved, Banana appeals to this Court, assigning as error:
I. Appellant was denied due process of law as required by Article III, Section 14 of the Mississippi Constitution since the trial judge was the district attorney at the time he was indicted.
II. The trial court did not follow Rule 3.03(B) of the Mississippi Uniform Criminal Rules of Circuit Court Practice and, therefore, appellant's guilty plea was not knowingly, intelligently and voluntarily entered.
Finding that Banana was not denied due process of law, since he expressly waived his objection to the trial judge hearing his case, and that Banana's guilty plea was knowingly, intelligently and voluntarily entered in conformity with Rule 3.03(3)(B) of the Mississippi Uniform Criminal Rules of Circuit Court Practice, we affirm the lower court's denial of appellant's post-conviction relief.

DISCUSSION OF LAW

I.

DID THE TRIAL COURT JUDGE ERR IN NOT RECUSING HIMSELF FROM THE CASE?
John M. Montgomery, the district attorney when Banana was indicted for the crimes of forgery in the case sub judice, later became the circuit court judge who accepted his guilty pleas. Judge Montgomery later recused himself and appointed the Honorable Kenneth Coleman to consider Banana's post-conviction motions. Banana argues that he was denied due process of law since Judge Montgomery failed to recuse himself from Banana's arraignment. The State asserts that Banana expressly waived this issue during his plea hearing. The transcript of Banana's arraignment and guilty plea reflects Judge Montgomery and Banana's discussion relative to Judge Montgomery's being the district attorney at the time the indictments were returned, as follows:

Judge Montgomery: Do you understand that I was the District
 Attorney at the time that these cases were
 presented to the Grand Jury, in fact, one of my
 assistants presented these cases?
Banana: Yes, sir.
Judge Montgomery: Do you understand that you have the right to
 object to me being the Judge in your case
 because I was the District Attorney?
Banana: Yes, sir.
Judge Montgomery: You understand that? Knowing that, you can
 waive any objection that you might have for me
 sitting in judgment of your case, and you can
 do that if you want to. Do you waive the
 objection to me judging your case, knowing that
 I was the District Attorney?
Banana: Uh  well, who'll be the  the next judge?
Judge Montgomery: We will get another Judge here. Do you want to
 confer with [your attorney] on that?
Banana: Yes, your Honor. (conference between Mr. [Thad]
 Buck and Mr. Banana) We're ready your Honor.
Judge Montgomery: Do you waive, uh  any objection to me
 sitting in judgment of your case?
Banana: Yes, sir.

Canon 3C of the Code of Judicial Conduct states:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding: [or]
(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer *853 has been a material witness concerning it[.]
This Court in Collins v. Dixie Transport, Inc., 543 So.2d 160 (Miss. 1989), held that when examining the conduct of a judge, the canon enjoys the same status as that of law. Collins, 543 So.2d at 166.
In Frierson v. State, 606 So.2d 604 (Miss. 1992), a similar situation existed where the trial judge had also been the district attorney at the time of the defendant's indictment. Frierson, 606 So.2d at 606. We held that the trial judge should have recused himself on his own motion according to Canon 3C of the Code of Judicial Conduct. Id. Frierson, however, is different from the case sub judice in that the trial judge refused to recuse himself after Frierson filed a motion for recusal. In the case at hand, Banana did not request a recusal but, in fact, waived any objections he had to Judge Montgomery sitting in judgment of his case. Judge Montgomery initiated the discussion.
Mississippi has an objective test in determining when a judge should recuse himself. Jenkins v. State, 570 So.2d 1191, 1192 (Miss. 1990). "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss. 1986).
The presumption is `that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a `reasonable doubt' (about the validity of the presumption)[.]" Turner v. State, 573 So.2d 657, 678 (Miss. 1990). When a judge is not disqualified under the constitutional or statutory provisions, `the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion.' Buchanan v. Buchanan, 587 So.2d 892 (Miss. 1991); Turner, 573 So.2d at 677; Ruffin v. State, 481 So.2d 312 at 317 (1985) (quoting McLendon v. State, 187 Miss. 247, 191 So. 821, 823 (1939)).
Collins v. Joshi, 611 So.2d 898, 901 (Miss. 1992).
Jenkins was another case wherein the trial judge had also been the prosecuting attorney at the time of the defendant's indictment. Jenkins, 570 So.2d at 1191. This Court held that Jenkins had been denied due process of law and reversed and remanded for a new trial. Id. at 1193. However, similar facts existed between Jenkins and Frierson that do not exist in the case sub judice. The defendant in Jenkins also objected at the beginning of trial to the judge sitting as the trial judge. Like Frierson and unlike the case at hand, the trial judge refused to recuse himself.
In Jenkins, this Court addressed the issue of waiving objections to judicial recusals:
In Mississippi, disqualification of a judge is both constitutional and statutory. Section 165 of the Mississippi Constitution of 1890 requires a judge to disqualify himself `where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.' Mississippi Code, in addition to requiring disqualification for relation of the judge by affinity or consanguinity, requires disqualification where the judge may have been of counsel.
Jenkins v. State, 570 So.2d 1191, 1192 (Miss. 1990). (emphasis added).
As indicated in the transcript, Banana was given the opportunity to object to Judge Montgomery sitting as his judge, but instead conferred with his defense counsel and specifically waived any objections. Banana also waived this issue by entering his voluntary plea of guilty. Banana has failed to advance any reasoning in support of the position that this issue cannot be waived.
Mississippi's law dictates only two exceptions in which a voluntary guilty plea does not waive a defect. Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989). If an indictment fails to charge a necessary element of a crime or if there exists no subject matter jurisdiction, then a guilty plea does not constitute a waiver. Id. Moreover, in Anderson v. State, 577 So.2d 390 (Miss. 1991), this Court recognized "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to *854 trial." Anderson, 577 So.2d at 391. Banana has not been denied due process of law as required by Mississippi Constitution art. III, § 14 (1890), since he waived this issue by his valid guilty plea and consented to the trial judge hearing his case.

II.

WAS BANANA'S GUILTY PLEA ENTERED IN VIOLATION OF RULE 3.03 OF THE MISSISSIPPI UNIFORM CRIMINAL RULES OF CIRCUIT COURT PRACTICE?
A guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered. Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Myers v. State, 583 So.2d 174, 177 (Miss. 1991); Wilson v. State, 577 So.2d 394, 397 (Miss. 1991). In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea. Id. Specifically, Rule 3.03 of the Mississippi Uniform Criminal Rules of Circuit Court Practice states in part:
When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
* * * * * *
B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law[.]
Rule 3.03(3)(B) Miss.Unif.Crim.R.Cir.Ct. Prac.
Banana argues that this rule was violated because the trial court failed to personally advise him of the minimum and maximum penalties provided by law for the crimes of forgery, and, as a result, his guilty pleas were involuntary as a matter of law.
In Mallet v. State, 592 So.2d 524 (Miss. 1991), this Court reversed a trial court's denial of post-conviction relief when it found dispositive that the defendant had not been advised by the court of the minimum and maximum sentences which could be imposed. Mallett, 592 So.2d at 525. In Vittitoe v. State, 556 So.2d 1062 (Miss. 1990), we again reversed the denial of a motion to set aside a guilty plea when the lower court did not advise the defendant of the mandatory minimum sentence he faced. Vittitoe, 556 So.2d at 1065. In Vittitoe, the first-time criminal defendant was not told that an armed robbery guilty plea carried with it a minimum sentence of three years. We stated that "[b]ecause Vittitoe was ignorant of the mandatory minimum sentence for the charge to which he was pleading and stated he would not have pled had he known this information, it cannot be said that his plea was `voluntarily and intelligently made'." Id. at 1065.
This Court in Vittitoe cited other states' law as part of the basis for its decision. In doing so, we pointed out that other states also recognize that any prejudice claimed by a defendant can be rebutted by "evidence that the defense counsel informed the accused of any mandatory minimum penalty ... or that the accused was apprised of the range of penalties at a prior hearing." Id. at 1064. See Underwood v. State, 214 Kan. 633, 522 P.2d 457, 458 (1974); People v. Ray, 130 Ill. App.3d 362, 84 Ill.Dec. 167, 170, 471 N.E.2d 933, 936 (1984).
In Sanders v. State, 440 So.2d 278 (Miss. 1983), we stated that "the question whether a plea of guilty was a voluntary and knowing one necessarily involves issues of fact." Sanders, 440 So.2d at 283. "Advice received by the defendant from his attorney and relied upon by him in tendering his plea is a major area of factual inquiry." Id. In the case at hand, Banana's guilty plea states in pertinent part, "I know that if I plead `guilty' to this charge (these charges), the possible sentence is 2 [minimum] to 15 yrs [sic] on each charge [maximum] ..." In addition, Banana's attorney signed a certificate acknowledging that he explained the maximum and minimum penalties for the charges and considered Banana competent to fully understand such. The transcript of Banana's arraignment and guilty plea reflects the following regard Judge Montgomery and Banana's discussion as to his constitutional rights.

*855
Judge Montgomery: Okay. did your attorney go over with you in
 these petitions and explain to them in detail,
 uh, all your Constitutional rights?
Banana: Yes, sir.
Judge Montgomery: And you understand your rights?
Banana: Yes, sir.
Judge Montgomery: You understand your right to a trial by jury,
 the right to remain silent, the right to
 appeal, and so forth?
Banana: Yes, sir.
Judge Montgomery: Did your attorney or any police officers or
 anybody else threaten you in any manner or
 promise you anything to get you to sign these
 sworn petitions or enter these pleas of guilty?
Banana: No, sir.
Judge Montgomery: So you're entering your plea of guilty of your
 own free will and accord. Is that correct?
Banana: Yes, sir.
Judge Montgomery: The Court finds the plea is freely and
 voluntarily, knowingly and intelligently
 entered and will accept your plea of guilty to
 this charge. Is there anything you wish to say
 to the Court or any evidence you'd like the
 Court to hear before the sentence of the Law is
 passed upon you?
Banana: No, sir.

The trial court's error in failing to comply totally with Rule 3.03 is purely technical and is at best harmless error. See Stokes v. State, 548 So.2d 118, 124 (Miss. 1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990); Thomas v. State, 298 So.2d 690, 692 (Miss. 1974). Banana has made no claim about the sentence he expected to receive or his belief as to the minimum sentence for the offense charged. Banana has not claimed that his alleged ignorance was the basis for his guilty plea, and, therefore, his claim is distinguishable from Vittitoe. Rule 3.03 only requires a judge to inquire and determine whether the defendant understands the maximum and minimum penalties. However, to insure that no question ever be raised, all trial judges should inform a criminal defendant on the record of the minimum and maximum penalties for the charged offense. The dissent in Vittitoe argued that the "polestar inquiry should be: was there a miscarriage of justice in the accused pleading guilty?" Vittitoe, 556 So.2d at 1066. Banana has not made a showing sufficient for a finding that the failure of the lower court to adhere to Rule 3.03 rendered his plea involuntary. As a result, there are no grounds for granting Banana relief.
There being no merit to the errors assigned, the lower court's denial of appellant's post-conviction relief is affirmed.
LOWER COURT'S DENIAL OF MOTIONS FOR POST-CONVICTION RELIEF AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.