# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-00598-SCT

*KELLY MANN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/95 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | 12/8/97 |
| MANDATE ISSUED: | 2/24/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On May 5, 1993, Kelly Mann was indicted for capital murder while engaged in the commission of the crime of robbery. On August 9, 1993, Mann entered a plea of guilty to the lesser charges of simple murder and armed robbery. The Leake County Circuit Court accepted Mann's guilty plea and sentenced him to life imprisonment for the crime of murder and a consecutive forty (40) year sentence for the crime of armed robbery to be served in the custody of the Mississippi Department of Corrections.

On October 27, 1994, Mann filed a petition for post-conviction relief in the Leake County Circuit Court. In his petition, Mann alleged the following: (1) his guilty plea was involuntary and not knowingly and intelligently given as a result of coercion, being given false representations, and failure by the trial court and his counsel to inform him of the maximum and minimum sentences for the

crimes charged and his right to confront his accusers; (2) ineffective assistance of counsel; and (3) being convicted of murder and armed robbery subjected him to double jeopardy. After conducting an evidentiary hearing, the trial court denied the petition and all relief requested. Mann now appeals to this Court from the denial of his petition.

## FACTS

On May 5, 1993, a Leake County Grand Jury indicted Kelly Mann for capital murder while in the commission of the crime of robbery. On August 9, 1993, a week before his trial was to begin, Mann entered a plea of guilty to the lesser charges of simple murder and armed robbery. The Leake County Circuit Court accepted Mann's guilty plea and subsequently sentenced him to serve a term of life imprisonment for the crime of murder and a consecutive term of forty (40) years for the crime of armed robbery in the custody of the Mississippi Department of Corrections.

On October 27, 1994, Mann filed a Motion for Post-Conviction Collateral Relief to Vacate and Set Aside Conviction and Sentence. In his motion, Mann alleged the following: (1) his guilty plea was involuntary and not knowingly and intelligently given as a result of being coerced by the prosecutor and his own attorney, being given false representations by the prosecutor and his own counsel, and failure by the trial court and his own counsel to inform him of the maximum and minimum sentences for the crimes pleading guilty to and his right to confront his accusers; (2) ineffective assistance of counsel; and (3) being convicted of murder and armed robbery subjected him to double jeopardy where the charge of robbery was used to elevate the charge of murder to capital murder.

On July 21, 1995, after conducting an evidentiary hearing, the trial court entered an order denying Mann post-conviction relief. At the evidentiary hearing, the trial court found that Mann failed to present sufficient evidence to support the allegations made in his petition and denied all relief. Specifically, the trial court found that Mann's guilty plea was voluntarily, intelligently, and knowingly given, for Mann was informed of all of his rights and waived them.

Aggrieved, Mann now appeals to this Court, citing the following issues:

> **I. WHETHER THE TRIAL COURT ERRED IN FINDING MANN'S GUILTY PLEA TO BE VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.**

> **II. WHETHER MANN WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

> **III. WHETHER THE TRIAL COURT'S CONVICTION AND SENTENCING OF MANN FOR MURDER AND ARMED ROBBERY CONSTITUTED DOUBLE JEOPARDY.**

## DISCUSSION OF LAW

> **I. WHETHER THE TRIAL COURT ERRED IN FINDING MANN'S GUILTY PLEA TO BE VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY GIVEN.**

When determining the validity of a guilty plea, this Court has held that a "'guilty plea will only be

binding upon a criminal defendant if it is voluntarily and intelligently entered.'" ***Drennan v. State***, 695 So. 2d 581, 584 (Miss. 1997) (quoting ***Banana v. State***, 635 So. 2d 851, 854 (Miss. 1994)). *See, e.g.*, ***Boykin v. Alabama***, 395 U.S. 238 (1969); ***Alexander v. State***, 605 So. 2d 1170, 1172 (Miss. 1992); ***Myers v. State***, 583 So. 2d 174, 177 (Miss. 1991); ***Wilson v. State***, 577 So. 2d 394, 397 (Miss. 1991). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." ***Banana***, 635 So. 2d at 854. Specifically, Rule 8.04(A)(4)[1] of the Uniform Rules of Circuit and County Court Practice, provides:

> *Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
>
> That the accused is competent to understand the nature of the charge;
>
> That the accused understands the nature and consequences of the plea,
>
> and the maximum and minimum penalties provided by law;
>
> c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

URCCC Rule 8.04(A)(4).

Mann contends that the trial court erred in finding that his guilty plea was voluntarily, intelligently, and knowingly given. First, Mann contends that his guilty plea was involuntary and not intelligently and knowingly given because it was a product of coercion by the prosecutor and his own counsel acting in concert. However, we find that this contention is without merit. At Mann's guilty plea hearing, the trial judge specifically asked Mann: (1) whether anyone had threatened him in any way that would cause him to plead guilty; (2) whether he had been intimidated in any way, or (3) if his attorney had made any statements to influence his decision to plead guilty. Mann responded in the negative to each question. Additionally, Mann stated in his petition to plead guilty that no one, including his own attorney, made any promises, threats or inducements to coerce him into pleading guilty. Also, at the evidentiary hearing conducted by the trial court, Mann's counsel testified that he did not conspire with the prosecution or any way coerce Mann into pleading guilty. Furthermore, this Court has stated:

> We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.

***Wallace v. State***, 607 So. 2d 1184, 1189 (Miss. 1992) (quoting ***Mason v. State***, 440 So. 2d 318, 319 (Miss. 1983)). There is no evidence on the face of the record that supports Mann's contentions other

than the assertions contained in his brief. To the contrary, the overwhelming weight of the contents of the record reveal that Mann was not coerced into pleading guilty in the court below. Therefore, we find that Mann's assertions are without merit.

Second, Mann alleges that his guilty plea was not voluntarily, intelligently, and knowingly given because it was the result of false representations and fraud engaged in by the prosecution with the full knowledge of the trial judge as well as his own counsel. In support of this contention, Mann alleges that the prosecution falsely testified and misrepresented the evidence the prosecution had against him. When asked by the trial court to provide the factual basis against Mann at the guilty plea hearing, the prosecutor mistakenly stated that one Wilson Roberts was an eyewitness for the prosecution against Mann when Wilson Roberts was in fact deceased not only at the time of the hearing but also at the time of the commission of the crime. However, at the evidentiary hearing, the prosecutor stated that he inadvertently said the name Wilson Roberts when he meant to say William Stokes who was the correct eyewitness. Mann's counsel also stated that he was aware of the inadvertent use of a wrong name by the prosecutor when asked what would be admissible evidence.

In determining whether the acceptance of a guilty plea is enforceable, this Court has held that "'[a] dmission of guilt is not a constitutional requisite of an enforceable plea. Knowing and voluntary action by the accused is, and, as well, an independent evidentiary suggestion of guilt.'" *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991) (quoting *Reynolds v. State*, 521 So. 2d 914, 917 (Miss. 1988)). The Court further stated that what was required is that "the circuit court have before it . . . substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. What facts must be shown are a function of the definition of the crime and its assorted elements." *Corley*, 585 So. 2d at 767. This Court further stated that "[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial." *Id.*

The Court has also recognized that numerous forms may be used to establish the factual basis including, as used in the case sub judice, the prosecution's offer of "'a concise statement of facts to establish the crime.'" *Id.* (quoting *Reynolds*, 521 So. 2d at 917). "In the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, 'that the defendant's conduct was within the ambit of that defined as criminal.'" *Id.* (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)).

However, when determining whether a sufficient factual basis was presented at the guilty plea hearing, this Court has stated that:

> On appellate or collateral review we look to the objective record. We limit our look to proof in the accused's presence. We ask not what facts the sentencing judge knew but what facts were available and in the record or otherwise before the court. Whether that record be adequate is a question for the Court, to which burdens of proof, production, and persuasion . . . have little to say.

*Id.* at 768 (citation omitted). Thus, applying this standard of review to the facts before us on collateral review, we conclude that based on the record as a whole, the factual basis presented by the prosecutor at the guilty plea hearing was sufficient to establish that the accused committed the charges against him. After reviewing the record as a whole, we find that the prosecutor inadvertently stating the eyewitness's name incorrectly was harmless error, for if the guilty plea had not been

accepted and the case proceeded to trial, it would be impossible to conclude that the mistake would not be discovered and the correct eyewitness called to testify. Furthermore, the fact that there were two eyewitnesses to the crime was sufficient to establish a factual basis for Mann's plea. Therefore, we find this contention is without merit.

Next, Mann contends that his guilty plea was not voluntarily, intelligently, and knowingly given because it was the result of a lack of adequate knowledge and information regarding the maximum and minimum penalties for the crimes to which he pled guilty. Mann specifically alleges that the trial court, as required by Rule 3.03(3)(B) of the Uniform Criminal Rules of Circuit Court Practice, failed to inform him that the minimum sentence for armed robbery was three years and that if he had known this, he would not have entered a plea of guilty. **Miss. Code Ann.** § 97-3-79 provides that the minimum sentence for the crime of robbery with the use of a deadly weapon is three years. **Miss. Code Ann.** § 97-3-79 (1994). However, pursuant to **Miss. Code Ann.** § 47-7-3, an individual who is sentenced to serve a term of natural life is not eligible for parole for the conviction of armed robbery until such person has served at least ten (10) years of his sentence. **Miss. Code Ann.** § 47-7-3(1)(d)(i) (Supp. 1997).

Review of the record reveals that Mann was specifically told by the trial court judge at the guilty plea hearing that the minimum sentence Mann could receive for armed robbery would be ten years because he would not be eligible for parole for at least ten years for conviction of armed robbery where he would also be sentenced to a term of natural life on the simple murder charge. Therefore, instead of informing Mann of the minimum sentence available for an individual charged with only the crime of armed robbery, the trial court informed Mann of the actual minimum sentence that he could receive for armed robbery where he was also pleading guilty to simple murder which carries only a sentence of life imprisonment. Furthermore, this Court, in *Banana v. State*, held that where the trial court fails to inform the defendant of the maximum and minimum sentences as required by Rule 3.03, such "error in failing to comply totally with Rule 3.03 is purely technical and is at best harmless error." *Banana v. State*, 635 So. 2d 851, 855 (Miss. 1994). As a result, we find that this contention is without merit.

Finally, Mann also alleges that his guilty plea should have been found by the trial court to be involuntary and not intelligently and knowingly given because he was not informed by the trial court or his counsel of his constitutional right to confront his accusers. At the guilty plea hearing, the trial court failed to inform Mann of his right to confront his accusers. Rule 8.04(A)(4)(c) requires the trial judge to inform the defendant at a guilty plea hearing of his constitutional right to confront his accusers. URCCC Rule 8.04(A)(4)(c). However, this Court has held that where a defendant enters a petition to plead guilty and signs the petition, any error found by the trial court's failure to strictly comply with Rule 8.04(A)(4) is harmless. *State v. Pittman*, 671 So. 2d 62, 65 (Miss. 1996); *see also Banana v. State*, 635 So. 2d 851, 855 (Miss. 1994) (holding "trial court's error in failing to comply totally with Rule 3.03 is purely technical and is at best harmless error"). In the case sub judice, Mann entered a signed petition to plead guilty indicating that he was fully aware of his constitutional right to confront his accusers. Thus, Mann has failed to make "a showing sufficient for a finding that the failure of the lower court to adhere to Rule [8.04] rendered his plea involuntary." *Banana*, 635 So. 2d at 855. As a result, we conclude that the trial court's failure to inform Mann of his right to confront his accusers was harmless error since his petition to plead guilty evidenced that Mann had been made aware of his right to confront his accusers as he replied affirmatively to the question of

whether he understood the right.

## II. WHETHER MANN WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

In order for Mann to prevail on his claim of ineffective assistance of counsel, he must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by this Court. *Knight v. State*, 577 So. 2d 392, 394 (Miss. 1991). The *Strickland* test requires a showing of (1) whether counsel's overall performance was deficient and (2) whether the deficient performance, if any, prejudiced the defense. *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995). The burden of proof under both prongs of the *Strickland* test rests with the defendant. *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996). This Court has also held that "[t]he adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a 'totality of the circumstances.'" *Taylor*, 682 So. 2d at 363 (quoting *Cole*, 666 So. 2d at 775). In addition, "[t]here is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Holland v. State*, 656 So. 2d 1192, 1197 (Miss. 1995) (citing *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988); *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985)).

Mann contends that his counsel in the trial court below was ineffective in violation of his constitutional right to effective assistance of counsel. Mann specifically claims that his trial counsel was ineffective because counsel: (1) failed to investigate whether the State's key witness was alive; (2) failed to investigate and talk to witnesses for the defendant; (3) failed to explore, investigate or consider the defense of self defense; (4) plotted and conspired with the prosecutor to deceive petitioner into pleading guilty; and (5) intentionally allowed him to plead guilty while knowing the State had no evidence against him.

At the evidentiary hearing in the trial court below, Mann's counsel was questioned on the above allegations. First, Mann's counsel testified that he was aware that the State's eyewitness was alive. Second, Mann's counsel testified that he received discovery from the State and talked to all necessary witnesses. Next, Mann's counsel testified that the defense of self defense was in no way applicable to Mann's case. Then, Mann's counsel stated that he did not plot or conspire with any prosecutors to deceive Mann into pleading guilty. Finally, Mann's counsel testified that he did not intentionally allow Mann to plead guilty.

Mann has failed to present any evidence, other than the above assertions in his brief, that his counsel's performance was deficient nor does the record provide any showing that his counsel's performance was deficient. However, to the contrary, the testimony of Mann's counsel and the record provide that counsel properly investigated Mann's case and, in light of the evidence against Mann, entered into a plea bargain agreement to avoid having Mann subjected to potential capital punishment. Mann himself testified at the guilty plea hearing that he was satisfied with his counsel's representation. Thus, since Mann has failed to meet his burden and prove that his counsel's performance was deficient, it is this Court's presumption that his counsel's performance "falls within the wide range of reasonable professional assistance." *Holland*, 656 So. 2d at 1197 (citing *Carney*, 525 So. 2d at 780; *Gilliard*, 462 So. 2d at 714). As a result, we find that Mann's claim of ineffective assistance of counsel is without merit.

## III. WHETHER THE TRIAL COURT'S CONVICTION AND SENTENCING OF

**MANN FOR MURDER AND ARMED ROBBERY CONSTITUTED DOUBLE JEOPARDY.**

Mann first contends that the trial court committed reversible error by convicting him of capital murder and armed robbery in violation of the Double Jeopardy Clause of the Fifth Amendment of the Constitution. Mann also contends that the trial court committed reversible error by allowing him to plead guilty to the crime of armed robbery when he was not indicted for the crime of armed robbery. In support of his claims, Mann cites to the case of *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995), as being substantially similar to the instant case. In *Fuselier*, a defendant was indicted for capital murder committed "while engaged in the commission of the crime of burglary, in violation of Miss. Code Ann. § 97-3-19(2)(e)." *Fuselier*, 654 So. 2d at 521. After having his original conviction and sentence of death for murder while engaged in the commission of a felony reversed by this Court, Fuselier, on remand, entered a plea bargain whereby Fuselier would "plead guilty to both capital murder and burglary and in exchange receive[] a nonrecidivist life sentence for the capital murder and a consecutive twenty-five year sentence for the burglary." *Id.* at 520.

On collateral review, this Court reversed the trial court's dismissal of Fuselier's petition for post-conviction relief finding (1) that the trial court committed error by convicting Fuselier of both felony murder and the underlying felony of burglary and (2) that the trial court committed error by allowing Fuselier to plead guilty to the crime of burglary when the indictment did not charge him with the crime of burglary. *Id.* at 522.

First, the Court stated that a defendant's "'initial conviction and sentence for both felony murder and the underlying felony violated the third aspect of the Double Jeopardy Clause, the protection against 'multiple punishments for the same offense' imposed in a single proceeding.'" *Id.* (quoting *Jones v. Thomas*, 491 U.S. 376, 381 (1989)). The Court held that by allowing Fuselier to plead guilty to felony murder and the underlying felony of burglary that the trial court was "effectively convicting and sentencing him twice for the same burglary" and to do so was in violation of this Court's holding in *Meeks v. State*, 604 So. 2d 748 (Miss. 1992), where the Court held that convicting a defendant of both felony murder and the underlying felony of kidnapping put the defendant "twice in jeopardy for the same kidnapping." *Id.*

In the case sub judice, Mann contends that, based on *Fuselier*, the trial court committed error by convicting him of capital murder and armed robbery. However, Mann was not convicted of capital murder, with armed robbery as the underlying felony, and armed robbery but rather was convicted on a plea of guilty to the offenses of simple murder and armed robbery, two separate and distinct crimes. Thus, Mann was not convicted and sentenced twice for the crime of armed robbery. As a result, we find this contention is without merit.

Second, in determining whether the trial court committed error by accepting Fuselier's guilty plea and convicting Fuselier for burglary where the indictment only charged him with murder while engaged in the commission of the crime of burglary, the Court in *Fuselier* stated:

> "Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential

element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. ***Id.***

***Fuselier***, 654 So. 2d at 522 (quoting ***Conerly v. State***, 607 So. 2d 1153, 1156 (Miss. 1992)). The Court held that since the indictment failed to charge Fuselier with the offense of burglary, Fuselier's guilty plea did not waive this defect, and the trial court committed error by allowing Fuselier to plead guilty to burglary. ***Id.***

However, this Court has also recently held that where an indictment has one count charging the defendant with capital murder committed while engaged in the commission of a felony, the statutory language **"engaged in the commission of"** a felony was sufficient to give the defendant "notice that he could be charged with the commission or the attempt to commit the constituent felony." ***Willie v. State***, 585 So. 2d 660, 674 (Miss. 1991) (emphasis added); *see also* ***Culberson v. State***, 379 So. 2d 499, 503-04 (Miss. 1979) (holding that the statutory language "engaged in the commission of" a felony "was sufficient to apprize [defendant] of the constituent charge against him, thereby enabling him to prepare a defense to it"). Therefore, relying on ***Willie*** and ***Culberson***, we hold that where a defendant is indicted for capital murder while engaged in the commission of a felony, as provided by Miss. Code Ann. § 97-3-19(2)(e), the indictment sufficiently gives the defendant notice that he could also be charged with the underlying felony.

In the present case, Mann's joint indictment with his accomplice, Truman Brantley, Jr., charged as follows:

> TRUMAN BRANTLEY, JR. AND KELLY MANN . . . did willfully, unlawfully, feloniously, and without the authority of law, and of their malice aforethought, kill and murder Bernard Sanders, a human being, while they, the said Truman Brantley, Jr. and Kelly Mann, were then and there engaged in the commission of the crime of robbery, contrary to and in violation of Section 97-3-19(2)(e) Miss. Code Ann. (1972), as amended, against the peace and dignity of the State of Mississippi.

However, in order to avoid being subjected to capital punishment, Mann benefitted from the entry of a plea bargain and entered a plea of guilty to one count of simple murder and one count of armed robbery. At the guilty plea hearing, the trial court questioned Mann whether he was pleading guilty to the crime of murder, and Mann affirmatively responded that he was pleading guilty to the crime of murder. The trial court next questioned Mann whether he was also pleading guilty to the crime of armed robbery, and Mann affirmatively responded that he was also pleading guilty to the crime of armed robbery. Thus, at the guilty plea hearing, Mann was obviously aware that he was being charged with both simple murder and armed robbery because he specifically stated that he was pleading guilty to both crimes. Subsequently, Mann was convicted and sentenced on his plea of guilty to a term of life imprisonment for simple murder and a term of forty years for armed robbery to run consecutive to the sentence of life imprisonment. Therefore, we find that where Mann was given sufficient notice from the indictment charging capital murder that he could also be charged with the underlying felony of robbery, the trial court did not err by accepting the defendant's voluntary plea of guilty to the lesser offenses of simple murder and armed robbery. As a result, we find this issue is without merit.

## CONCLUSION

We affirm the trial court's denial of Mann's petition for post-conviction relief because (1) Mann's guilty plea was voluntarily, intelligently and knowingly given; (2) Mann's right to effective assistance of counsel was not violated; and (3) conviction of Mann for simple murder and armed robbery did not constitute double jeopardy, and Mann's indictment gave sufficient notice that he could be charged with the offense of armed robbery.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

1. Rule 8.04 is the successor to Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice.