966 So.2d 858 (2007)
George A. HOLMES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00412-COA.
Court of Appeals of Mississippi.
October 2, 2007.
*859 George A. Holmes, pro se.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
EN BANC.
CHANDLER, J., for the Court.
¶ 1. George A. Holmes appeals from the dismissal of his motion for post-conviction relief (PCR) by the Circuit Court of Forrest County, Robert B. Helfrich presiding. We find that Judge Helfrich was disqualified from ruling on Holmes's PCR. Therefore, we reverse and remand this case for the appointment of a substitute judge before whom further proceedings are to be held.

FACTS AND PROCEDURAL HISTORY
¶ 2. Holmes attached documentation to his PCR establishing the following. Holmes was indicted for aggravated assault and grand larceny for events that occurred on or about March 9, 2000. On March 10, 2000, Robert B. Helfrich, an assistant district attorney for Forrest and Perry Counties, swore out arrest warrants against Holmes for aggravated assault and grand larceny. On March 21, 2000, Holmes turned himself in to authorities in Perry County.
¶ 3. On November 21, 2003, the day of his arraignment, Holmes executed and filed a sworn petition to enter a guilty plea to the aggravated assault charge. He also filed a waiver of conflict of interest concerning Judge Helfrich. In the waiver, Holmes stated, "It is my desire and I do freely and voluntarily waive any and all conflicts of interest that could arise out of the above stated facts, and it is my desire that Judge Robert Helfrich preside as the Circuit Judge in the above styled cause pending against me." According to the allegations in Holmes's PCR and the attached affidavits, Holmes waived the conflict of interest upon the advice of his attorney that Judge Helfrich was likely to accept the State's sentencing recommendation.
*860 ¶ 4. At the plea hearing, Judge Helfrich addressed the issue of his recusal from the case. Judge Helfrich ascertained that Holmes had discussed the matter with his attorney and had filed a waiver of conflict of interest. Judge Helfrich stated that he did not remember Holmes's case. He told Holmes that he would recuse himself and request appointment of another judge. Holmes stated that he desired to go forward with Judge Helfrich, and the hearing continued.
¶ 5. Judge Helfrich accepted the plea and sentenced Holmes to twenty years in the custody of the Mississippi Department of Corrections, with thirteen years to serve and seven years suspended, with five years on post-release supervision. The judge also ordered Holmes to pay court costs, a fine of $1,000, $100 to the Mississippi Crime Victims' Compensation Fund, restitution to the victim in the amount of $5,700, and restitution to the Mississippi Victim Compensation Program in the amount of $6,106.10. This punishment was in accordance with the State's sentencing recommendation.[1]
¶ 6. Holmes timely filed a PCR seeking to withdraw his guilty plea and proceed to trial. He asserted that the guilty plea was involuntary, that he received ineffective assistance of counsel, that his indictment was fatally defective, that he received an illegal suspended sentence, and that Judge Helfrich was disqualified from presiding over his plea hearing. Holmes also filed a motion to recuse Judge Helfrich from ruling on his PCR. Judge Helfrich denied the motion to recuse and summarily dismissed Holmes's PCR pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2000).
¶ 7. Holmes appeals, re-asserting all the arguments in his PCR. We find that, due to his active participation in Holmes's prosecution, Judge Helfrich was disqualified from ruling on Holmes's PCR and was required to recuse himself. Therefore, we reverse and remand this case for the appointment of a substitute judge, before whom further proceedings in this case may be had. Because we are reversing and remanding for another judge to rule on the PCR, we do not reach Holmes's other issues as they are unripe for appellate review.

LAW AND ANALYSIS
I. WAS JUDGE HELFRICH REQUIRED TO RECUSE HIMSELF FROM RULING ON HOLMES'S PCR?
¶ 8. Holmes argues that Judge Helfrich erred by denying his motion for recusal and adjudicating his PCR. Mississippi constitutional and statutory law applies to the disqualification of a judge. Article 6, section 165 of the Mississippi Constitution of 1890 provides: "No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties." Mississippi Code Annotated section 9-1-11 (Rev.2002) reiterates the disqualifications listed in section 165 and additionally requires disqualification where the judge was of counsel in the cause. As with constitutional disqualification, a judge may preside *861 despite statutory disqualification if the judge and parties consent. Miss.Code Ann. § 9-1-11.
¶ 9. The Code of Judicial Conduct is also applicable to judicial disqualification. Canon 3(B)(1) of the Code of Judicial Conduct states: "A judge shall hear and decide all assigned matters, except those in which disqualification is required." According to Canon 3(E):
(1) Judges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
When a canon is used to assess the conduct of a judge, the canon enjoys the status of law. Banana v. State, 635 So.2d 851, 853 (Miss.1994).
¶ 10. The court has condemned situations in which the accuser also functions as the trier of fact, holding that "[w]here one actively engages in any way in the prosecution and conviction of one accused of a crime, he is disqualified from sitting as a judge in any matter which involves that conviction." Banana v. State, 638 So.2d 1329, 1330 (Miss.1994); see Jenkins v. State, 570 So.2d 1191, 1192 (Miss.1990). A judge is disqualified from ruling on a motion for post-conviction relief when the judge participated in the prosecution of the underlying conviction. Moore v. State, 573 So.2d 688, 689 (Miss. 1990); Ryals v. State, 914 So.2d 285, 287(¶ 9) (Miss.Ct.App.2005). In this case, Judge Helfrich actively participated in Holmes's prosecution and, therefore, was disqualified from adjudicating Holmes's motion for post-conviction relief.
¶ 11. In his order denying Holmes's motion to recuse, Judge Helfrich relied upon Holmes's waiver of the conflict of interest regarding Judge Helfrich's presiding over his guilty plea hearing. The supreme court has held that, under the statutory provision for waiver of disqualification, a criminal defendant may effectively waive the conflict presented by the acceptance of his guilty plea by a judge who was the district attorney who brought the charges against him. Banana, 635 So.2d at 853. The issue of whether Holmes's waiver effectively barred his subsequent challenge to Judge Helfrich's acceptance of his guilty plea is not presently before this Court, as that is a matter for adjudication by the substitute judge appointed to rule on Holmes's PCR. But, assuming Holmes effectively waived Judge Helfrich's disqualification to preside over his guilty plea hearing, the waiver did not extend to Holmes's motion for post-conviction relief. A civil action brought under the Uniform Post-Conviction Collateral Relief Act is a collateral attack on a judgment of conviction and is separate and distinct from the underlying criminal proceeding. Miss.Code Ann. § 99-39-5(1) (Rev.2007). When Holmes filed his PCR with the court, an entirely new legal proceeding was commenced. Miss.Code Ann. § 99-39-7 (Rev.2007). In that new proceeding, Holmes did not seek to waive Judge Helfrich's disqualification but instead moved to recuse Judge Helfrich. As we have held, Judge Helfrich was disqualified *862 from ruling on Holmes's motion for post-conviction relief and his recusal was required. We reverse and remand this case for the appointment of a substitute judge before whom further proceedings may be had.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE, P.J., IRVING, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY MYERS, P.J. AND GRIFFIS, J.
CARLTON, J., Dissenting:
¶ 13. I disagree with the majority's finding that Judge Helfrich was disqualified from adjudicating Holmes's motion for post-conviction relief. Because Holmes knowingly and voluntarily executed a waiver expressing his consent that Judge Helfrich be allowed to hear his case, and further waived any non-jurisdictional defect by entering his plea of guilty, I find that Holmes should not be allowed to revoke his consent that Judge Helfrich hear his case. Accordingly, I respectfully dissent.
¶ 14. I agree with the majority to the extent that the court has condemned situations where the accuser also acts as the trier of fact. It is beyond dispute that Article 6 section 165 of our constitution, as well as Mississippi Code Annotated section 9-1-11 (Rev.2002), generally require disqualification where a judge has an interest or has participated as counsel in any material respect in the case. However, both provisions equally provide that a conflicted judge may preside over a trial "[b]y the consent of the judge and of the parties." See Miss. Const. art. 6, § 165; Miss.Code Ann. § 9-1-11. The notion that consent trumps the prospect of impartiality is also provided for in the Code of Judicial Conduct in the form of remittal of disqualification. See Code of Judicial Conduct Canon. 3(F). As acknowledged by the majority, our supreme court has squarely held as much. Banana v. State, 635 So.2d 851, 853 (Miss.1994). It follows, that Holmes waived any conflict by executing a written waiver of conflict after being informed both by his own counsel and by Judge Helfrich himself. Moreover, it is well-settled that all non-jurisdictional defects are waived by the entry of a valid guilty plea. Id. at 853-54 (quoting Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). Therefore, I find that Holmes effectively waived any objection to Judge Helfrich presiding over his case for this reason also.
¶ 15. Beyond all this, "[j]urisdiction to hear and determine post-conviction collateral relief efforts is in the court last having jurisdiction of the case." McDonall v. State, 465 So.2d 1077, 1078 (Miss.1985) (citing Dunn v. Reed, 309 So.2d 516 (Miss. 1975)). Our post-conviction relief statutes contain no provision requiring that a judge separate from the one presiding at trial hear a motion for post-conviction relief. Mississippi Code Annotated Section 99-39-11(1) (Rev.2007) provides only that "the judge to whom [the PCR] is assigned" examine the motion.
¶ 16. In conclusion, I find that Holmes waived this issue by the entry of his guilty plea and by consent. Because the majority cites no authority requiring a different result, I find that the waiver should be given effect at Holmes's post-conviction proceeding and would affirm Judge Helfrich's *863 denial of Holmes's motion for recusal.
MYERS, P.J., AND GRIFFIS, J., JOIN THIS OPINION.
NOTES
[1] We observe that Holmes's plea deal was quite favorable because, in Holmes's sworn petition to enter a guilty plea, Holmes indicated that he was a violent habitual offender. If Holmes had gone to trial and his indictment was amended pursuant to Rule 7.09 of the Uniform Rule of Circuit and County Court Practice to charge him as a violent habitual offender, he would have risked an enhanced sentence of life without the possibility of parole or early release. Miss.Code Ann. § 99-19-83 (Rev.2000).